# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CASE NO. 3:23-cv-00832-MMH-JBT

JOHN S. GAY,

      Plaintiff,

v.

CENTURION HEALTH, *et al.*,

      Defendants.

_____/

## DEFENDANT CENTURION OF FLORIDA, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW

Defendant, Centurion of Florida, LLC ("Centurion"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 8(a), hereby files this Motion to Dismiss Plaintiff's Civil Rights Cause of Action of a Medical Nature . . . [ECF No. 31] ("Amended Complaint") for failure to state a cause of action, as Plaintiff's claims against Centurion fail to allege any specific policy or procedure violative of any Constitution right, and otherwise fail to properly allege sufficient facts to state a cause of action. Centurion further states as follows:

## BACKGROUND[1]

This matter general arises from Plaintiff's claims regarding the quality and timeliness of medical treatment during his incarceration at the Columbia Correctional Institution Annex ("Columbia"). (*See generally* Am. Compl.). Plaintiff, John S. Gay, is a *pro se* inmate incarcerated

---

[1] The allegations in the Complaint are given the presumption of truth solely for the purposes of resolving the present Motion, as required by the Federal Rules of Civil Procedure. Otherwise, Centurion does not agree with the facts as presented by Plaintiff's Complaint.

by the FDC, and loosely claims the named Defendants violated his 8th and 14th Amendment rights. (*See generally id.*). He also (somehow) claims this suit is "predicated upon the Americans with Disabilities Act (ADA) 42 U.S.C. §§ 12131–12133–N §§ 504 of the Rehabilitation Act." (*Id.* ¶ 4).

According to Plaintiff, he is a "chronically ill" inmate who is "still multiple times seeing Drs." (*Id.* ¶ 15). Plaintiff claims he had two "very serious strokes" during his incarceration. (*Id.* ¶ 16). Plaintiff further alleges that "because plaintiff didn't receive his Dr's orders medications for his stroke at time of return . . . took medical Dr's (20) twenty full days for Gay, to receive his stroke meds." (*Id.* ¶ 20). Plaintiff loosely claims nurses at the facility ignored his health and (for some unexplained reason) refused him treatment (notwithstanding the fact he acknowledges otherwise receiving treatment at various points. (*See generally id.*). Plaintiff goes on to generally claim Centurion and these nurses "maintained policies and practices pursuant to which prisoners like plaintiff, with serious medical needs were violated routinely (denied) medical care and access to medical care" (*id.* ¶ 28), while then claiming "there exist policies and wide spread practices at (FDC) pursuant to which prisoners receive (unconstitutionally inadequate healthcare)" (*id.* ¶ 29). Plaintiff then goes on to generically list allegedly violative policies/procedures in a conclusory manner. (*See id.*).

Plaintiff seems to attempt to bring claims for purported violations of 42 U.S.C. Section 1983 and the alleged violation of the ADA/RA. But, overall, the Amended Complaint is a mix-up of often conclusory facts raised against multiple defendants without specificity, clarity, or cohesion. (*See generally id.*). Even for a *pro se* Plaintiff, the rules require more.

## MEMORANDUM OF LAW

Courts must liberally construe all pleadings submitted by a *pro se* litigant. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such

leniency, courts cannot rewrite a deficient pleading for the sake of sustaining an action. *Id.* (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)). When determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## A.  Legal Standards

### 1.  Federal Rule of Civil Procedure 8(a)

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012) (quoting *Iqbal*, 556 U.S. at 678).

Even under the somewhat liberal rubric afford to *pro se* litigants, the Amended Complaint fails to meet these standards. It is littered with generalized allegations, conclusory statements of the elements, and does not include sufficient factual claims to permit any Defendant to deduce what specific factual allegations potentially violative of Plaintiff's rights are directed to either Defendant. Because the Amended Complaint "is so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted), dismissal with prejudice pursuant to Rule 8 is warranted.

2.      *Federal Rule of Civil Procedure 12(b)(6)*

 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiff has not stated a plausible cause of action against Centurion.

## B.      Argument

1.      *Plaintiff's Amended Complaint again fails to satisfy Rules 8(a) and should be dismissed.*

Even giving Plaintiff some latitude as a *pro se* plaintiff, his Amended Complaint still fails to satisfy the Rules of pleading to such a degree that dismissal is warranted. "[E]xperience teaches

that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. College*, 77 F.3d 366–67 (11th Cir. 1996). Where plaintiffs assert multiple causes of action, if properly drafted, each cause of action must be set out in a separate count, and done so with such clarity and precision that the defendant will be able to discern what each plaintiff is claiming and to frame a responsive pleading. *Id.*

Here, Plaintiff has filed a lawsuit making generalized and unspecified claims under unclear causes of action. (*See generally* Am. Compl.). Once again, Plaintiff has not included factual material sufficient to deduce the precise nature of the claims, or what conduct is at issue against each of the many named Defendants. Even worse, Plaintiff fails to cabin or otherwise present these jumbled allegations into a concise cause of action against each Defendant.

Plaintiff's rambling factual allegations, conclusory allegations, and vague complaints of indifference to his medical needs and delay in receiving medication fail to provide the appropriate notice to each individual named Defendant. Plaintiff has not appropriately averred which duties have been violated, or which facts may support said purported violations. (*See generally id.*). Even for a *pro se* plaintiff, and even at this stage of the proceedings, more is required. *See, e.g., Bey v. McEwen*, Report and Recommendation, No. 8:20-cv-00004-CEH-TGW, [ECF No. 13] (M.D. Fla. Jan. 28, 2020), *adopted by subsequent Order* [ECF No. 24] (Feb. 20, 2020).

   2.   *Plaintiff's Amended Complaint fails to state a claim for relief against Centurion, as Plaintiff fails to allege any specific Centurion policy, custom, or practice was the moving force behind any violation of his constitutional rights.*

Plaintiff fails to plead deliberate indifference against Centurion. "Where a function which is traditionally the exclusive prerogative of the state . . . is performed by a private entity, state action is present" for purposes of Section 1983. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d

700, 703 (11th Cir. 1985) (citations omitted). Indeed, "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Critically, "liability under § 1983 may not be based on the doctrine of respondeat superior." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). *See also Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *Denham v. Corizon Health, Inc.*, Case No. 6:13-cv-1425-Orl-40KRS, 2015 WL 3509294, at *3 n.1 (M.D. Fla. June 4, 2015) ("[W]hen a government function is performed by a private entity like Corizon, the private entity is treated as the functional equivalent of the government for which it works.") (citation omitted), *aff'd* (11th Cir. Jan. 13, 2017).

Where a deliberate indifference medical claim is brought against an entity, such as Centurion, based upon its functional equivalence to a government entity, the assertion of a constitutional violation is the first hurdle in a plaintiff's case. This is so because liability for constitutional deprivations under Section 1983 cannot be based on the theory of respondeat superior. *See Craig*, 643 F.3d at 1310 (quoting *Grech*, 335 F.3d at 1329); *see also Denno v. Sch. Bd. Of Volusia Cnty.*, 218 F.3d 1267, 1276 (11th Cir. 2000). Instead, such an entity may be liable in a Section 1983 action "only where the [government entity] itself causes the constitutional violation at issue." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-94 (1978).

In *Monell*, the United States Supreme Court held that local governments can be held liable for constitutional torts caused by official policies. But, such liability is limited to "acts which the [government entity] has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S.

469, 480 (1986). Under *Monell*, a plaintiff also must allege that the constitutional deprivation was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Denno*, 218 F.3d at 1276 (citations omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (stating *Monell* "is meant to limit § 1983 liability to 'acts which the municipality has officially sanctioned or ordered'"; adding that "[t]here are, however, several different ways of establishing municipal liability under § 1983").

"A policy is a decision that is officially adopted by the [government entity] or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is meant to "'distinguish acts of the [government entity] from acts of employees of the [government entity], and thereby make clear that [governmental] liability is limited to action for which the [government entity] is actually responsible.'" *Grech*, 335 F.3d at 1329 n.5 (quotation and citation omitted). Thus, governmental liability only arises under Section 1983 where "'a deliberate choice to follow a course of action is made from among various alternatives'" by governmental policymakers. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Pembaur*, 475 U.S. at 483–84). Not surprisingly, a government entity (or a private company acting in a traditionally governmental capacity) seldom has an official policy permitting a particular constitutional violation, so in order to state a cause of action for damages under Section 1983, most plaintiffs must demonstrate that the entity has a custom or practice of permitting the violation. *See Grech*, 335 F.3d at 1330; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." *Bd. Of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (citation omitted). The Eleventh Circuit has further

defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." *Sewell*, 117 F.3d at 489. Additionally, "[t]o hold the [government entity] liable, there must be 'a direct causal link between [its] policy or custom and the alleged constitutional deprivation.'" *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1271 (11th Cir. 2005) (quotation omitted).

Here, any liability attaching to Centurion under Section 1983 must be based on its functional equivalence to the government entity responsible for providing medical care and services to inmates, and thus Plaintiff must plead that an official policy or a custom or practice of Centurion was the moving force behind the alleged constitutional violations. However, Plaintiff's Amended Complaint only makes cursory claims as to any such policy of Centurion, much less how it worked to deprive Plaintiff any right contracted with the FDOC to provide healthcare within the prison system. (*See generally* Am. Compl.). Plaintiff fails to allege any facts showing Centurion itself violated his federal constitutional rights or caused a violation of his constitutional rights. Plaintiff has asserted no facts showing that a policy, custom, or practice of Centurion was the moving force behind any violation of his constitutional rights. At most, Plaintiff provides conclusory statements, while simultaneously acknowledging he actually received medical treatment at various points during his incarceration. This is insufficient to state a claim against Centurion.

3.     *Plaintiff's Amended Complaint fails to satisfy Rules 8(a), and should be dismissed.*

Plaintiff's Amended Complaint fails to satisfy the rules of pleading to such a degree that dismissal is warranted. "[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. College*, 77 F.3d 366–67 (11th Cir. 1996).

Under Rule 8(a), when a complaint alleges that several defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant. *See Ramos v. Cty. of Miami Dade*, No. 12-21888-CIV, 2012 WL 3962436, at *3 (S.D. Fla. Sept. 10, 2012). Although a complaint against multiple defendants can be read as making the same allegation against each defendant individually, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citation omitted). Rule 8(a) demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Accordingly, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x. 708, 709 (11th Cir. 2008) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff has filed a lawsuit against Centurion and multiple other defendants, but various allegations are made in purely conclusory terms. Plaintiff has loosely cited to the 8th, and 14th Amendments of the United States Constitution and 42 U.S.C. Section 1983. (*See generally* Am. Compl.). However, nowhere in this mash-up of facts and Constitutional amendments has Plaintiff averred how each of these Defendants violated these laws, including any specific Constitutional deprivation or any action that could be considered deliberate indifference. (*See generally id.*). More is required.

> 4.    *Plaintiff fails to bring a claim against Centurion for violation of the ADA/RA.*

Plaintiff has failed to bring a cause of action against Centurion for violation of the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA"). The ADA was enacted in 1990 "to remedy widespread discrimination against disabled individuals" and to "provide clear, strong, consistent, enforceable standards" addressing that discrimination. 42 U.S.C. § 12101(b)(2); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). The ADA covers three main types of discrimination, each addressed in one of the statute's subchapters: Title I prohibits

discrimination in private employment; Title II prohibits discrimination by public entities (state or local governments); and Title III prohibits discrimination by a "place of public accommodation," which is a private entity that offers commercial services to the public. 42 U.S.C. §§ 12112(a), 12132, 12182(a); *see Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006). Thus, the only potentially relevant subchapter of the ADA to this matter as it relates to Centurion is Title III.

"Discrimination occurs when disabled individuals are denied the opportunity or provided unequal opportunities to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation." *Johnson v. Speedway LLC*, No. 0:18-CV-62972-UU, 2019 WL 2559258, at *3 (S.D. Fla. Apr. 29, 2019) (citing 42 U.S.C. § 12182(b)(i)–(ii)). Along with these principles, Section 12182(b)(2) provides "Specific prohibitions," which are examples of actions or omissions that constitute such discrimination. Section 12182(b)(2)(A)(ii), provides that discrimination includes a private entity's failure to make "reasonable modifications" to procedures that are "necessary" to afford the services and facilities of the private entity to the disabled, as follows:

> [Discrimination includes] a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii) (emphasis added). Stated differently, "[f]acilities need make only reasonable accommodations that are 'necessary.'" *A.L.*, 900 F.3d at 1296 (citing 42 U.S.C. § 12182(b)(2)(A)(ii)). They "are not required to make the preferred accommodation of plaintiffs' choice." *Id.* (citing *Stewart*, 117 F.3d at 1285–86). They are also not required to make "any and all possible accommodations that would provide full and equal access to disabled patrons."

*Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012). However, no ADA violation occurs where a private entity demonstrates the requested modifications would "fundamentally alter the nature of" its services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

Here, it is clear there was no violation of the ADA. Even assuming a privately-operated prison could be considered a place of public accommodation, Plaintiff has not come close to making the requisite allegations. Instead, he merely restates his conclusory allegations regarding the supposed deliberate indifference to his medical needs as a claim under the ADA. Plaintiff fails to state a claim under the ADA (or RA[2]).

## C.    Conclusion

Based on the foregoing, Plaintiff has failed to bring a valid cause of action against Centurion, failed to allege any facts violative of Plaintiff's constitutional rights, and failed to otherwise state a policy or custom that violated his Constitutional rights. Plaintiff's Amended Complaint should be dismissed prejudice.

November 6, 2023

---

[2]  Section 504 of the Rehabilitation Act of 1973 prohibits entities receiving federal funds from discriminating against otherwise qualified individuals with disabilities. *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1310 (11th Cir. 2007). To state a *prima facie* case of discrimination under the RA, a plaintiff must show: (1) he has a disability, (2) he is otherwise qualified for the position, and (3) he was subjected to unlawful discrimination as a result of his disability. *See id.* It is unclear how the RA is implicated in this (non-employment) case.

Respectfully submitted,

  /s/ Carlos A. Garcia
Carlos A. Garcia, Esquire (FBN 99768)
cagarcia@wickersmith.com
ftlcrtpleadings@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone:      (954) 847-4800
Facsimile:      (954) 760-9353
*Attorneys for Defendant, Centurion Health*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on November 6, 2023, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing, in compliance with Federal Rule of Civil Procedure 5(b)(3).

  /s/ Carlos A. Garcia
Carlos A. Garcia, Esquire